ALB:BTR
F.#2015R01065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN F. MCNULTY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 1 0 2018   ★

LONG ISLAND OFFICE

INFORMATION

**CR  18   1 8 1**

Cr. No. _____

(T. 31, U.S.C., §§ 5317(c)(1)(A),
  5317(c)(1)(B), 5324(a)(3) and
  5324(d)(1); T. 26, U.S.C.,
  § 7206(1); T. 21, U.S.C.,
  § 853(p); T. 18, U.S.C., §§ 2
  and 3551 et seq.)

**HURLEY, J.**

**TOMLINSON, M.J.**

## INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

1.     The defendant JOHN F. MCNULTY, a resident of Dix Hills, New York, owned and operated a wholesale perfume business that operated from MCNULTY's residence.

False Tax Statements

2.     The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the internal revenue laws of the United States, including the ascertainment, computation, and assessment of taxes, including federal income taxes.

3.     In or about and between 2013 and 2014, the defendant JOHN F. MCNULTY received checks as payment from various parties for perfume sales. During this period of time, MCNULTY, together with others, cashed over $1,103,785 in checks at a

commercial check casher, which monies were diverted for his personal use and benefit, and the personal use and benefit of others, and which monies he did not report on any income tax return.

The Currency Reporting Requirements

        4.     The United States currency reporting requirements provided as follows:

        a.     Pursuant to Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 1010.311, a domestic financial institution was required to file a Currency Transaction Report ("CTR") with the United States Department of Treasury for each transaction of currency, such as a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to the financial institution involving more than $10,000.

        b.     Pursuant to Title 31, Code of Federal Regulations, Section 1010.313, multiple currency transactions were treated as a single transaction if the financial institution had knowledge that they were by or on behalf of any one person and resulted in either cash in or cash out totaling more than $10,000 during any one business day.   Deposits made at night or over a weekend or holiday were treated as if received on the next business day following the deposit.

        c.     CTRs required disclosure of, among other things, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed, pursuant to Title 31, Code of Federal Regulations, Section 1010.312.

d.      CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, pursuant to Title 31, Code of Federal Regulations, Section 1010.301.

e.      Pursuant to Title 31, Code of Federal Regulations, Section 1010.100(xx), "structuring" financial transactions included the breaking down of amounts of currency into amounts of $10,000 or less prior to transacting business with domestic financial institutions, for the purpose of evading the currency reporting requirements of Title 31, Code of Federal Regulations, Sections 1010.311 et seq.

The Structuring Activity

5.      On or about and between January 1, 2014 and December 31, 2014, both dates being approximate and inclusive, the defendant JOHN F. MCNULTY, together with others, cashed over $654,000 in checks using an account at a commercial check casher, which qualified as a domestic financial institution.   For the purpose of avoiding CTR reporting requirements, MCNULTY, together with others, separated the checks into bundles, each bundle of which totaled less than $10,000. These bundles of checks under $10,000 were then cashed at the commercial check casher on either the same or consecutive days to avoid CTR reporting requirements.

COUNT ONE
(Fraud and False Statements in Tax Return)

6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.     On or about June 9, 2015, within the Eastern District of New York and elsewhere, the defendant JOHN F. MCNULTY, together with others, did knowingly and willfully make and subscribe a U.S. Individual Income Tax Return (Form 1040) for the calendar year 2014, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the IRS Center, Fresno, California, which tax return MCNULTY did not believe to be true and correct as to one or more material matters, in that MCNULTY underreported his income on the return by failing to report over $1,103,785 in monies diverted for his personal use and benefit, whereas, as MCNULTY then and there well knew and believed, he received materially more income than he reported.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWO
(Structuring Financial Transactions)

8.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9.     On or about and between January 25, 2014 and December 31, 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN F. MCNULTY, together with others, for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations prescribed thereunder, did knowingly and intentionally structure and assist in structuring one or more transactions with one or more domestic financial institutions, to wit: by: (a) taking checks totaling in excess of $10,000 and splitting the checks into deposit amounts totaling less

5

than $10,000; and (b) cashing the smaller amounts of currency using an account at a financial institution on either the same or consecutive days to avoid CTR reporting requirements.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

10.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c)(1)(A), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable thereto.

11.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

       (a)   cannot be located upon the exercise of due diligence;

       (b)   has been transferred or sold to, or deposited with, a third party;

       (c)   has been placed beyond the jurisdiction of the Court;

       (d)   has been substantially diminished in value; or

       (e)   has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(B), to seek forfeiture of

6

any other property of the defendant up to the value of the forfeitable property described in this

forfeiture allegation.

(Title 31, United States Code, Sections 5317(c)(1)(A) and 5317(c)(1)(B); Title

21, United States Code, Section 853(p)

Richard P. Donoghue

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK